**UNITED STATES of America,
Appellee,**

v.

**Hector Manuel RAMOS, Defendant–
Appellant.**

No. 07–0729–cr.

United States Court of Appeals,
Second Circuit.

Sept. 16, 2008.

Charles F. Wilson, Nevins & Nevins LLP, East Hartford, CT, for Defendant–Appellant.

Howard S. Master, Assistant United States Attorney, (Michael J. Garcia, United States Attorney, on the brief, Diane Gujarati, Assistant United States Attorney, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Hector Manuel Ramos appeals from a judgment of conviction entered on November 27, 2006 in the District Court, following his guilty plea. On August 29, 2006, defendant pleaded guilty to one charged count of conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958, and one charged count of distribution and possession of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Defendant's plea was entered pursuant to a plea agreement, which stated that defendant "will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence at or below the Stipulated Guidelines Sentence set forth above (360 months)." Appellant's App. at 26. The District Court sentenced defendant principally to a term of imprisonment of 360 months. Defendant asserts on appeal that the District Court's plea allocution failed to comply with Federal Rule of Criminal Procedure 11(b)(1)(N), which requires that a court accepting a guilty plea determine that the defendant understands "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Specifically, defendant claims that "[t]he District Court did not address or explain the concept of 'collateral attack,' " and that therefore this Court should vacate the conviction and remand the case to the District Court for further proceedings. Appellant's Br. at 8. We assume the parties' familiarity with the facts and procedural history of the case.

We reject defendant's claim that his guilty plea was not "intelligent" and "knowing" because the District Court did not explicitly discuss the issue of collateral attack. Because this claim was not raised before the District Court, we review it for plain error, taking into account the entire record. *See United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). The record makes clear that the District Court correctly determined that defendant understood the terms of the plea agreement, which waived his right to appeal or collaterally attack any sentence at or below 360 months. The District Court confirmed that defendant had read the plea agreement before he signed it, that he understood its terms, and that no one coerced him into signing it. The District Court also confirmed that defendant had met with his attorney to discuss the case, that his attorney had explained the consequences of pleading guilty, and that he was satisfied with his representation. As to his right to appeal, the District

Court asked defendant directly if he understood that he was "giving up [his] right to appeal [his] sentence at all in any way and for any reason" as long as he was sentenced to "30 years of imprisonment or less." Appellee's App. at 54. Defendant replied that he understood. *Id.* Accordingly, we find no error, let alone plain error.

Finally, we note that defendant argues that the phrase "collateral attack" is "a legal term that is not generally known or understood outside the criminal courts." Appellant's Br. at 13. The logical implication of defendant's statement is that for a defendant to understand the concept of "collateral attack," he would need an explanation of the phrase in non-legal terms. We have not required such an explanation but we note, in any event, that the District Court gave precisely such an explanation here.

Having reviewed the parties' briefs, the record, and oral argument, we reject defendant's remaining arguments as lacking in merit.

For the reasons stated above, the judgment is **AFFIRMED.**